UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN JOSEPH GUILLOTTE                                CIVIL ACTION

VERSUS                                                NUMBER: 21-1422

DR. PHILLIP KNOWLIN, ET AL.                           SECTION: "F" (5)

PARTIAL REPORT AND RECOMMENDATION

Before the Court are the Motion to Dismiss filed by Dr. Phillip Nowlin ("Nowlin") (Rec. doc. 35) and the Motion to Dismiss filed by Lafourche Parish Government ("Lafourche"). (Rec. doc. 39). *Pro se* Plaintiff Brian Guillotte has not filed memoranda in opposition to the motions in accordance with the local rules of this Court. For the following reasons, **IT IS RECOMMENDED** that the Motions to Dismiss (Rec. docs. 35, 39) be **GRANTED**.

I.   **Background**

Guillotte is a frequent filer of lawsuits in this Court. (*See* E.D. La., Civ. A. Nos. 21-1400, 21-1422, 21-1775, 21-1850, 21-2016). In this lawsuit, through largely illegible Complaints (Rec. docs. 1, 4, 4-1), Guillotte alleges claims under 42 U.S.C. § 1983 for medical malpractice against Nowlin while incarcerated at Lafourche Parish Detention Center.

Guillotte maintains that three x-rays were taken of his shoulder, the last of which occurred on June 23, 2021. (*Id.* at pp. 5, 8). According to Guillotte, Nowlin determined that the x-rays did not reveal anything, and he made a "**negligent** decision on a diagnosis." (*Id.* at p. 8) (emphasis added). Guillotte also maintains that he needs to be taken to a hospital to undergo an MRI, and that he is "sure they will have to do a surgery on [his] arm." (*Id.*).

1

Guillotte further claims that nurses at Defendant Lafourche Parish Medical Department called him a crybaby, that he has lost feeling in his arm, and that he is "physically and mentally beat over this." (*Id.* at p. 6).

On what appears to be March 16, 2021, Guillotte filed a grievance with the Lafourche Parish Sheriff's Office in which he included the following complaint: "I have medical problems. Also, I need to go to Hospital." (*Id.* at p. 11). On May 9, 2021, Guillotte filed another grievance in which he stated that he underwent a second set of x-rays and nurses told him that he "needed to write the medical dept. for results," and that "Nurse Brittany" informed him that the facility would not give him an MRI. (*Id.* at p. 17).

With regard to Lafourche, Guillotte claims illegal incarceration, false arrest, and mail tampering against the Lafourche Parish Government and intentional infliction of emotional "harm" and gross negligence against Lafourche Parish Medical Department. (Rec. doc 4-1 at p. 10). It also appears that Plaintiff attempts to bring a medical malpractice claim against Lafourche and/or the Medical Department. He *specifically* alleges that Lafourche failed to "look into" his claim of illegal incarceration, failed to look at his arm even though it showed bruising "internally," and did not send him to the hospital. (Rec. doc. 4-1 at p. 8). Guillotte also claims that Lafourche failed to look at his hand, which he felt was broken, and that the Medical Department had treated him badly over complaints regarding his arm. (Rec. doc. 4-1 at pp. 8-9). Guillotte asserts that Lafourche's actions and/or inactions violate Section 1983 with regard to his First Amendment and Sixth Amendment rights. (Rec. doc. 4-1 at p. 9).

On July 26, 2021, Guillotte filed a deficient complaint for habeas corpus and a writ of mandamus. (Rec. doc. 1). On September 14, 2021, Guillotte corrected the deficiency, still titling his complaint as a request for writs of habeas corpus and mandamus. (Rec. doc. 4). Liberally construing Guillotte's complaint – as this Court must do, *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020) – the Clerk of Court construed Guillotte's complaint as one of "prison conditions" under 42 U.S.C. § 1983.

## II.   Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Court must thus identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pled. *Id.* at 677–78.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.*; *Bartholomew v. Ladreyt*, Civ. A. No. 14-1468, 2015 WL 365525, at *1 (E.D. La. Jan. 27, 2015).

## III.   Law and Analysis

### A.   Nowlin's Motion to Dismiss

3

Guillotte must demonstrate deliberate indifference to state a valid claim under Section 1983 against Nowlin. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has held that a plaintiff's "admission in his complaint that the prison medical staff took x-rays . . . refute his assertion of deliberate indifference to his medical needs." *Bejaran v. Cruz*, 79 F. App'x 73, 74 (5th Cir. 2003). In addition, the Supreme Court of the United States has specifically determined that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Lathers v. Nelson Coleman Corr. Ctr.*, No. 10-128, 2010 WL 1489903, at *10 (E.D. La. Mar. 22, 2010), *report & recommendation adopted*, 2010 WL 1485468 (E.D. La. Apr. 13, 2010) (finding that an inmate "was not denied treatment; on the contrary, x-rays were taken and no injury was found . . . . [The C]onstitution does not require that a prisoner be sent to a hospital for additional care or treatment when medical tests indicate that no such additional treatment is necessary."); *Corte v. Schaffer*, 24 F.3d 237, 1994 WL 242793, at *1 (5th Cir. May 18, 1994) (holding that although the plaintiff believed he needed a referral to a specialist, he failed to demonstrate deliberate indifference when he was seen by prison medical personnel, and his results were within a normal range.). Negligent treatment, such as medical malpractice, does not provide a basis for a claim under Section 1983. *Estelle*, 429 U.S. at 107 ("Medical malpractice does not become a constitutional violation"). The Supreme Court, the Fifth Circuit, and this Court have held that neither a plaintiff's disagreement with his treatment nor his desire for more

4

treatment state a claim for deliberate indifference.  *See Estelle*, 429 U.S. at 106-7; *Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no Eighth Amendment claim just because an inmate believes that 'medical personnel should have attempted different diagnostic measures or alternative methods of treatment.'"); *Harris v. Epps*, 523 F. App'x 275, 275 (5th Cir. 2013) (holding that when an inmate received tests and regular examinations for hepatitis C and a back problem, "his claim amounts to a disagreement with the treatment and a desire for more. That is not enough for a viable claim of deliberate indifference."); *Patterson v. Orleans Par. Dist. Atty. Office*, Civ. A. No. 06-7322, 2007 WL 5063238, at *18 (E.D. La. Apr. 16, 2007) (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (same)).

In his complaint, Guillotte alleges that Nowlin should have done something different with regard to his treatment even though his x-rays were negative, that he needs to go to a hospital to undergo an MRI, and that Nowlin made a "**negligent** decision on a diagnosis." (Rec. doc. 1 at p. 8) (emphasis added).  Given the case law cited above, Guillotte's claims fail on the face of his complaint because they do not arise to the level of a constitutional violation and amount to no more than – possibly – medical malpractice.  Such a claim is not supported under Section 1983.  Accordingly, the Court will recommend granting Nowlin's motion to dismiss.

### B. Lafourche's Motion to Dismiss

42 U.S.C. § 1983 creates a remedy for the violation of a prisoner's constitutional or statutory rights by a person acting under color of state law. *Smith v. Lafourche Par.*, No. CV 21-1714, 2021 WL 4975698 at 12 (E.D. La. 2021), *report and recommendation adopted*, No.

5

CV 21-1714, 2021 WL 4972374 (E.D. La. Oct. 26, 2021) (citing *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted)).  A municipality or local government may be held liable under Section 1983 only when the execution of an unconstitutional policy or custom of the municipality or local government proximately causes the plaintiff's injuries. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (finding that local governments cannot be held liable under a theory of *respondeat superior* but can only be held liable when the constitutional deprivation arises from a governmental custom).  It is thus axiomatic that a plaintiff must identify the policy or custom that caused the alleged deprivation of his constitutional rights.  *Id.*

> Regarding *Monell* claims generally, the Fifth Circuit has explained:
>
> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**.  To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**.  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, **cannot be conclusory**; it must contain **specific** facts.

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos Cty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, Civ. A. No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must **identify** the policy or custom that allegedly caused the deprivation of his constitutional rights.  *See Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F.

6

App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

On the face of his complaint, Guillotte fails to allege any policy or custom of the Lafourche Parish Government and/or the Lafourche Parish Medical Department that caused the alleged First and Sixth Amendment constitutional violations. (R. Doc. 4-1). Absent these allegations, Guillotte appears to rely solely on a theory of *respondeat superior*: *i.e.*, the Parish and/or the Medical Department should be held liable for the actions of the medical employees or the acts of its other employees. However, *respondeat superior* is not an available theory of liability under Section 1983. *Monell*, 436 U.S. at 691.

Guillotte does not allege that his constitutional rights were violated as a result of a policy or custom, much less does he identify such a policy or custom. Therefore, he has failed to state a proper *Monell* claim against Lafourche. Guillotte does not assert any factual allegations related to a written or express Lafourche policy, nor does he show a widespread pattern or practice of Lafourche employees. The complaint fails to mention a single fact outside of Guillotte's own alleged medical experience. Accordingly, this Court will recommend that his claims against Lafourche be dismissed.

### C. Medical Malpractice Claim

In his complaint, Guillotte appears to assert no more than an arguable claim for medical malpractice under state law against both Nowlin and Lafourche. (Rec. doc. 1 at p. 10). Under the Louisiana Medical Malpractice Act, however, a medical malpractice claim

must be presented to a medical review panel before filing suit. *See Castellanos v. Jefferson Par. Corr. Ctr.*, Civ. A. No. 07-7796, at *5-6 (E.D. La. 2008) (holding that the plaintiff had failed to exhaust his statutory remedies before filing medical malpractice claims). Guillotte has failed to submit his claims for an opinion by a medical review panel. As such, these claims must be dismissed without prejudice as premature. *See Walker v. Llovet*, Civ. A. No. 08-3834, 2008 WL 4949038, at *3, n. 7 (E.D. La. 2008).

## IV.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motions to Dismiss (Rec. docs. 35, 39) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the federal law claims against both Dr. Phillip Nowlin and the Lafourche Parish Government be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the state law claims for medical malpractice against both Dr. Phillip Nowlin and the Lafourche Parish Government be **DISMISSED WITHOUT PREJUDICE** as premature based on Guillotte's failure to exhaust his state statutory remedies.

## NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 18th day of _____January_____, 2022

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1]/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.