UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN JOSEPH GUILLOTTE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-1422** |
| **DR. PHILLIP KNOWLIN, ET AL.** | **SECTION: "J" (5)** |

## ORDER

Before the Court is the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim filed by Terrebonne Parish Consolidated Government ("TPCG"). (Rec. doc. 40). *Pro se* Plaintiff Brian Guillotte has not filed a memorandum in opposition to the motion in accordance with the local rules of this Court. For the following reasons, **IT IS ORDERED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim (Rec. doc. 40) is **GRANTED**.

### I.  Background

Guillotte is a frequent filer of lawsuits in this Court. (*See* E.D. La., Civ. A. Nos. 21-1400, 21-1422, 21-1775, 21-1850, 21-2016). In this lawsuit, through largely illegible Complaints (Rec. docs. 1, 4, 4-1), Guillotte alleges claims under 42 U.S.C. § 1983 for deliberate indifference to his medical needs, medical malpractice, and negligence by CorrectHealth regarding the medical treatment he received while incarcerated at Lafourche Parish Detention Center. Before the parties consented to proceed before the undersigned, this Court had already recommended that Defendants CorrectHealth, Dr. Phillip Nowlin, and the Lafourche Parish Government be dismissed from the lawsuit. (Rec. docs. 37, 42).

1

With regard to the TPCG, Guillotte lists it as a defendant and refers to it as "overseer of 32nd Judicial District." (Rec. doc. at p. 2). Specifically, Plaintiff asserts as follows:

> I am still being held [in Lafourche Parish]. Now when the seatbelt ticket was issued Terrebonne Parish gave me a probation warrant from 2017. I have no idea what this is about. They gave no information on this. I was in jail numerous times and this warrant was never brought on me til now. (Rec. doc. 4-1 at pp. 5-6).

> Terrebonne knows where I am at and I've been incarcerated and they still have a detainer on me when I was incarcerated on my court date. (Rec. doc. 4-1 at p. 8).

> Terrebonne has illegally held me on old warrants and a warrant they knew I was already incarcerated on. (Rec. doc. 4-1 at p. 9).

Plaintiff then states that he seeks $10,000.00 from the TPCG for "illegal incarceration."

On July 26, 2021, Guillotte filed a deficient complaint for habeas corpus and a writ of mandamus. (Rec. doc. 1). On September 14, 2021, Guillotte corrected the deficiency, still titling his complaint as a request for writs of habeas corpus and mandamus. (Rec. doc. 4). Liberally construing Guillotte's complaint – as this Court must do, *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399 (5th Cir. 2020) – the Clerk of Court construed Guillotte's complaint as one of "prison condition" under 42 U.S.C. § 1983.

## II.     Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

2

action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Court must thus identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pled. *Id.* at 677–78.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.*; *Bartholomew v. Ladreyt*, Civ. A. No. 14-1468, 2015 WL 365525, at *1 (E.D. La. Jan. 27, 2015).

28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* after a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as when the complaint alleges the violation of a legal interest that clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It also lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S.

3

25, 32-33 (1992); *see also Neitke*, 490 US. at 327-28. The Court must thus determine whether a plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Law and Analysis**

   **A.   Federal Rule of Civil Procedure 8**

Under Rule 8, Plaintiff is required to state the basis for his claim for relief against each individual defendant. Fed. R. Civ. P. 8. Generalized statements of alleged wrongdoing will not satisfy Plaintiff's obligation to properly plead the claim. *See Walker v. South Cen. Bell Tel. Co.*, 904 F.2d 275 (5th Cir. 1990) (holding that a proper pleading requires more than "bare bones" allegations). Plaintiff's pleading here is no more than generalized statements that "Terrebonne Parish" put a hold on him in the Lafourche Parish jail due to a "probation warrant." If Terrebonne Parish – as named by Plaintiff in his complaint – refers to TPCG, TPCG is not even the proper party that oversees, controls, or is responsible for the district courts or the District Attorney. *Adams v. McCoy*, No. 11-0129, 2011 WL 6935332, *3 (M.D. La. Nov. 9, 2011) (finding dismissal appropriate when plaintiff failed to allege direct personal involvement by supervisory official). Plaintiff has not stated a claim for any type of violation against TPCG. Plaintiff has named TPCG (Terrebonne Parish) as a defendant without any facts to support a claim against it. Plaintiff's complaint is merely conclusory. Accordingly, the Court dismisses these claims.

B.     *Monell* Claims

TPCG is the only Terrebonne Parish-related defendant named by Plaintiff. Any claim against a defendant in an official capacity is, in reality, a claim against the government entity which the defendant serves, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999), what is commonly referred to as a *Monell* claim. The existence of a constitutional violation and a municipality's liability for that violation are two separate issues, and liability attaches only when the municipality itself causes the constitutional violation at issue. *Brown v. Bolin*, 500 Fed. Appx. 309, 316 (5th Cir. 2012) (citing *Hare v. City of Corinth Miss.*, 74 F.3d at 649, n. 4 (5th Cir. 1996) (en banc)).

Regarding *Monell* claims generally, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos Cty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, Civ. A. No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must **identify** the policy or custom that allegedly caused the deprivation of his constitutional rights. *See*

5

*Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

In other words, attempts to recover against TPCG are limited to claims directly associated with the policy statements, regulations, and decisions officially adopted and promulgated by the TPCG. *See Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 691 (1978). Plaintiff alleges no official policy or custom in his complaint. *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir.1992) (finding that allegations of a single or isolated incident do not demonstrate a policy or custom); *see also Morris v. Dallas County*, 960 F. Supp. 2d 665, 687 (N.D. Tex. 2013) (holding that claim of failure to respond to obvious physical and medical needs would be dismissed when it was premised on an isolated issue versus a policy or custom).

In this case, Guillotte has also failed to allege that his constitutional rights were violated as a result of a policy or custom, much less does he identify such a policy or custom of the TPCG. He has thus failed to state a proper *Monell* claim against TPCG. Guillotte does not assert any factual allegations related to a written or express TPCG policy, nor does he show a widespread pattern or practice of TPCG employees. The Complaint fails to mention a single fact outside of Guillotte's own alleged illegal incarceration.

"A § 1983 plaintiff must plead facts with sufficient particularity to meet all the elements of recovery." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)

6

(finding that conclusory allegations of policies were insufficient to state a claim where the complaint stated no facts to support assertions that policies or lack thereof resulted in a violation of rights). As noted, while there is no heightened pleading standard with respect to claims against municipalities, "a plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Mays v. Bd. of Comm'rs, Port of New Orleans*, No. 14-1014, 2015 WL 1245683, *10 (E.D. La. Mar. 18, 2015) (quoting *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 245 (5th Cir. 1993)); *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)) (granting motion to dismiss where plaintiff failed to identify any official policy or custom that caused her alleged injuries).

As noted above, the Fifth Circuit – as well as its District Courts – have repeatedly held that evidence of an isolated incident is insufficient to establish a custom or policy. *Matthews v. Bowie County, Tex.*, 600 Fed. Appx. 933, 934 (5th Cir. 2015) (citing *Fraire*, 957 F.2d at 1278) (affirming dismissal of complaint without leave to amend where allegations of deliberate indifference were confined to the actions of the unknown correctional officers); *Collier v. Roberts*, No. 13-245, 2015 WL 1128399, *4, n.29 (M.D. La. March 11, 2015) (granting motion to dismiss municipal liability claim against sheriff and compiling cases for the proposition that an isolated incident combined with conclusory allegations of policy, practice, and custom is insufficient to state a claim).

Without one factual allegation to show an alleged constitutional violation was committed pursuant to a TPCG policy or custom, the complaint attempts to hold TPCG

7

liable on a *respondeat superior* theory. This is prohibited under § 1983. *Id.* Accordingly, the instant motion is granted with respect to the Section 1983 claims against TPCG, and those claims are dismissed with prejudice.

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the federal law claims against the Terrebonne Parish Consolidated Government are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 3rd day of February, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE