UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN JOSEPH GUILLOTTE                 CIVIL ACTION

VERSUS                                         NUMBER: 21-1422

DR. PHILLIP KNOWLIN, ET AL.            DIVISION: (5)

## ORDER

Before the Court is the Motion to Reopen Case (rec. doc. 53) filed by Plaintiff Brian Joseph Guillotte. Having reviewed the motion, the Court finds no need to await any potential opposition. As dictated by case law, the Court rules as follows.

On July 26, 2021, Guillotte sued Defendants Correcthealth Lafourche, L.L.C. ("Correcthealth"), the Terrebonne Parish Consolidated Government ("Terrebonne"), the Lafourche Parish Government ("Lafourche"), and Dr. Phillip Nowlin under 42 U.S.C. § 1983 for medical malpractice while he was incarcerated at the Lafourche Parish Detention Center. (Rec. docs. 1, 4).

On November 11, 2021, Correcthealth filed a motion to dismiss Guillotte's Complaint for failure to state a claim. (Rec. doc. 22). Approximately one month later, Nowlin filed his own motion to dismiss the Complaint for failure to state a claim. (Rec. doc. 35). On December 7, 2021, this Court issued a partial report and recommendation to the District Court that Correcthealth's motion be granted. (Rec. doc. 37). Soon thereafter, both Lafourche and Terrebonne filed motions to dismiss the Complaint for failure to state a claim. (Rec. docs. 39, 40). On January 19, 2022, this Court issued another partial report and recommendation to the District Court that Nowlin's and Lafourche's motions be granted. (Rec. doc. 42). The parties then consented to proceed before the undersigned,

and the District Court signed the referral order on February 1, 2022. (Rec. doc. 47). Two days later, this Court granted Terrebonne's motion to dismiss. (Rec. doc. 49). This Court then adopted the two earlier partial reports and recommendations. (Rec. doc. 50). On February 9, 2022, this Court entered a final judgment in favor of all Defendants, dismissing Guillotte's federal-law claims with prejudice and his state-law claims without prejudice. (Rec. doc. 51).

Approximately three years later, Guillotte now moves to reopen the case. (Rec. doc. 53). Guillotte first argues that this Court did not have the authority to rule on his case and issue the final judgment. (*Id.*). He also maintains that "[d]iscovery has been found. . . .," intimating that new evidence warrants the reopening of his lawsuit (*Id.*).

The Court has broad discretion in ruling on a party's motion to reopen the record for the admission of additional evidence. *See Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971)); *Greer v. Tidewater, Inc.*, No. Civ. A. 01-105, 2002 WL 1041862, at *2 (E.D. La. May 20, 2002). "Among the factors the trial court should examine in deciding whether to allow a reopening are the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence earlier, and the possibility of prejudice to the non-moving party." *Id.* (citations omitted). A motion to reopen should be denied "where the evidence to be presented was available at trial, or could have been obtained with reasonable diligence." *Robinson v. C.I.R.*, 70 F.3d 34, 39 (5th Cir. 1995).

Guillotte's statement that "[d]iscovery has been found . . . ." is far from sufficient to reopen this lawsuit. Said statement provides the Court with no information about the

2

importance or probative value of any evidence. Indeed, it is even unclear that any discovery has occurred after the closure of this lawsuit. And as to Guillotte's argument that the undersigned had no authority to rule, such an argument is specious. The parties both consented to proceed before the undersigned as allowed by 28 U.S.C. § 636(c), (rec. doc. 47), and they were well advised of the consequences of doing so. (Rec. doc. 41). The Court finds no legal reason to reopen this case. Accordingly,

**IT IS ORDERED** that the Motion to Reopen Case (rec. doc. 53) is **DENIED**.

New Orleans, Louisiana, this 9th day of _____June_____, 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**